```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MARTIN D. MADISON,              :
          Plaintiff
                                :

          vs.                   :    CIVIL NO. 1:CV-07-1104

                                :
JOHN E. POTTER, Postmaster
General, United States Postal   :
Service,
          Defendant             :
```

*M E M O R A N D U M*

*I.   Introduction*

We are considering pro se Plaintiff Martin D. Madison's motion for appointment of counsel. (doc. 7). On June 21, 2007, Madison filed a complaint (doc. 1) against John E. Potter, the Postmaster General, alleging violations of The Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967. Reviewing Madison's Complaint and his "Response to Agency Answer to Complaint" (doc. 5), his claims appear to focus on circumstances arising from his employment with the United States Postal Service. Specifically, Madison claims that Defendant violated his rights by refusing to provide reasonable accommodations for his disability and denying his bid to work a particular job with the USPS. (doc. 1, ¶ 3).

In support of his motion for appointment of counsel, Madison restates his claims against Defendant and explains that

his complaint "would be better presented" and it "would expedite processing" if he obtained counsel. (doc. 7). Madison has also submitted a "Plaintiff Witness List" identifying USPS employees relevant to his claims. (doc. 8). We will deny Madison's motion for appointment of counsel.

*II.   Discussion*

This is a civil action, not a criminal one. A plaintiff in a civil action has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor does the Court have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel," (emphasis added), not that the court can order the attorney to do so.

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel. *Montgomery,* 294 F.3d at 498, and the decision can be made at any point in the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light

of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has 'some arguable merit in fact and law.'" *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted).

If the plaintiff's case satisfies this initial test, the district court must consider the "*Tabron* factors," *Montgomery*, 294 F.3d at 505, although these factors are not meant to be exhaustive. *Tabron*, 6 F.3d at 157. The factors are:

> 1. the plaintiff's ability to present his or her own case;
>
> 2. the difficulty of the particular legal issues;
>
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. the extent to which a case is likely to turn on credibility determinations, and;
>
> 6. whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57). More generally, we can consider the problems a plaintiff faces in pursuing his claims if he is a prisoner or confined some other way. *Tabron*, 6 F.3d at 156.

"[V]olunteer lawyer time is a precious commodity," *Montgomery,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met," the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461) (internal quotation marks omitted).

Even if Madison's complaint has arguable merit in fact and law, Madison fails to set forth sufficient circumstances to appoint counsel. As noted, 28 U.S.C. § 1915(e)(1) allows for appointment of counsel to a litigant who is "unable to afford counsel." In *Tabron*, the Third Circuit noted:

> Of course, before appointing counsel under § 1915(d), courts should consider whether an indigent plaintiff could retain counsel on his or her own behalf. If counsel is easily attainable and affordable by the litigant, but the plaintiff simply has made no effort to retain an attorney, then counsel should not be appointed by the court.

*Id*. at 157 n.5. *See also Salerno v. Corzine*, No. 06-3547, 2007 WL 316421, at *3 (D.N.J. Jan. 29, 2007) (noting that "indigence is a prerequisite for the appointment of counsel").

Madison has paid the $350.00 filing fee and has not applied to proceed in forma pauperis. His motion to appoint counsel does not address whether he can afford to retain counsel or whether he has made any effort to do so. Furthermore, he has not provided the Court with any financial records upon which to determine his financial means. In the absence of any evidence of Madison's indigence, we will deny his motion to appoint counsel.[1]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 15, 2007

---

[1] As noted, however, "appointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte*." *Tabron*, 6 F.3d at 156.

5

```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MARTIN D. MADISON,                :
        Plaintiff
                                  :

        vs.                       :   CIVIL NO. 1:CV-07-1104

                                  :
JOHN E. POTTER, Postmaster
General, United States Postal     :
Service,
        Defendant                 :
```

*O R D E R*

AND NOW this 15th day of November, 2007, it is ordered that Plaintiff's motion for appointment of counsel (doc. 7) is denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge